UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| **BILLY JOE MCINTOSH,** | : |
| Plaintiff, | : Case No. 5:12-CV-310-DCR |
| vs. | : |
| **E-BACKGROUNDCHECKS.COM, INC.,** *et al.*, | : REPLY BRIEF IN SUPPORT OF DEFENDANT E-BACKGROUNDCHECKS.COM, INC.'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) |
| Defendants. | : |

## I.  INTRODUCTION

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is warranted when the face of a complaint makes clear that a plaintiff cannot set forth a plausible claim for which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation omitted)).  Because Plaintiff does not set forth a facially plausible claim for relief, Rule 12(b)(6) requires dismissal of Plaintiff's state law claims.

First, the face of Plaintiff's Complaint establishes that his common-law claims (Counts IV-VII) accrued on October 8, 2010, the date Plaintiff alleges Qualicom LLC fired him on the basis of false information contained in the criminal background report Defendant Backgroundchecks.com ("BGC" or "Defendant") prepared on Plaintiff (the "Report").  (*See* Compl. ¶¶ 18 and 20).  Plaintiff does not challenge these facts.  Nor does he challenge the applicability of the one-year statute of limitations to his state law claims.  To have viable claims, Plaintiff would have being required to bring his common-law claims on or before October 8,

2011, a year from the date they accrued, *i.e.,* the date Plaintiff knew he had been harmed. *See Wiseman v. Alliant Hosps., Inc.*, 37 S.W.3d 709, 712 (Ky. 2000). Plaintiff did not, and, therefore, his common-law claims are barred by the one-year statute of limitations and subject to dismissal.

Second, Plaintiff does not deny that he lacks the requisite buyer/seller relationship with BGC to seek protection under the Kentucky Consumer Protection Act, KRS Chapter 367 ("KCPA") (Count III). While Plaintiff tries to expand the scope of the KCPA to cover non-consumer transactions, case law does not support Plaintiff's proposed expansion. As such, Plaintiff is not protected by the KCPA, and his KCPA claim should be dismissed with prejudice.

**1.      Plaintiff's Complaint Demonstrates that the Statute of Limitations Bars His Common-Law Claims.**

It is notable, in his attempt to save his common-law claims from dismissal, what Plaintiff does *not* contest.

First, Plaintiff does not contest that each of his common-law claims center on the same set of core facts, to wit: BGC prepared a Report on Plaintiff; the Report allegedly contained false information about Plaintiff; BGC published that Report; and Qualicom used the information in the Report to discontinue its independent contractor relationship with Plaintiff on October 8, 2010. (*See* Compl. generally).

Second, Plaintiff does not contest that his common-law claims for severe emotional distress, invasion of privacy, and tortious interference with a prospective and actual business relationship spring from the core facts that underlie his defamation claim.

Lastly, Plaintiff does not contest that the one-year statute of limitations applicable to his defamation claim similarly applies to his claims for severe emotional distress, invasion of privacy and tortious interference with a prospective and actual business relationship.

Because Plaintiff does not challenge any of these points, the narrow issue is whether Plaintiff filed these claims within one year of the date they accrued. The answer is "no". To save his common-law claims from the time bar, Plaintiff would have to point to facts proving that his common-law claims did not accrue until October 3, 2011 (a year prior to the date Plaintiff filed his Complaint), but Plaintiff has not done that. *See U.S. ex rel. Robinson-Hill v. Nurses' Registry and Home Health Corp.,* No. 5:08-145-KKC, 2012 WL 4598699 (E.D.Ky. Oct. 2, 2012) ("A plaintiff may have an 'obligation to plead facts in avoidance of the statute of limitations defense [if] 'it is apparent from the face of the complaint that the time limit for bringing the claim[s] has passed.'") (quoting *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 518 (6th Cir. 2008) (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992))). In fact, nothing in Plaintiff's opposition brief adds any facts that could arguably extend the accrual date of his claims from October 8, 2010 to October 3, 2011 to save them from the statutory time bar.

Instead of offering additional facts, Plaintiff argues that dismissal would be "premature" because discovery has not yet begun. Specifically, Plaintiff argues "discovery may yield more information concerning BGC's conduct which would preserve and support all of the Plaintiff's claims raised in the Complaint". (ECF #20). The rules of civil procedure do not permit Plaintiff to engage in a costly fishing expedition to find claims not plead. Plaintiff fails to identify a single piece of information that could reasonably be expected to be uncovered during discovery that would somehow extend the accrual date of, or toll the limitations period for, his claims.

Instead, Plaintiff offers a red herring — that somehow more information about the relationship between BGC and the entity that furnished BGC the allegedly false information will save his claims. Plaintiff argues he is "entitled to explore that relationship through discovery, which may very well lead to more facts and evidence that would bolster Plaintiff's claims and

3

defeat BGC's arguments for dismissal". (ECF #20). It is unclear from Plaintiff's conclusory and self-serving argument just how more details about this relationship would "bolster" his common-law claims and, more to the point, how any additional information about the furnishing of the allegedly false information to BGC could possibly work to extend the accrual date. Given that any furnishing of false information to BGC necessarily pre-dated the publication and Plaintiff's knowledge of his injury, that furnishing cannot change the accrual date for Plaintiff's common-law claims to a date later than October 8, 2010.

The law does not allow a plaintiff to employ a wait-and-see approach to see if anything turns up in discovery that might give a plaintiff a cause of action. Yet this is exactly what Plaintiff is asking the Court to do here. Even if the Court obliged, Plaintiff's common-law claims would still fail because all his claims hinge on harms arising from the publication of the alleged false information and Plaintiff's awareness of that publication and harm. Nothing Plaintiff could uncover in discovery could extend the October 8, 2010 date Plaintiff became aware of his injury and his common-law claims accrued. As a consequence, Plaintiff's common-law claims are barred by the applicable statute of limitations and should be dismissed with prejudice.

**2.      Plaintiff's Kentucky Consumer Protection Act Claim Fails Because Plaintiff Is Not a "Purchaser" Under the Act as Required to State a Claim.**

To save his KCPA claim, Plaintiff relies on *Craig & Bishop, Inc. v. Piles,* 2004–CA–001883–MR, 2005 WL 307860 (Ky.Ct.App. Nov. 18, 2005) *rev'd on other grounds,* 247 S.W.3d 897 (Ky. 2008),[1] for the position that Kentucky courts have not uniformly required privity to state a violation of the KCPA. (ECF #20). Contrary to Plaintiff's implication, *Piles* does

---

[1] Plaintiff incorrectly cites *Piles* as *Craig & Bishop, Inc. v. Piles,* 2005 (WL 3078860) (Ky. 2008). The correct citation is *Craig & Bishop, Inc. v. Piles,* 2004–CA–001883–MR, 2005 WL 307860 (Ky. Ct. App. Nov. 18, 2005). The *Piles* decision Plaintiff cited is a court of appeals decision, not a Kentucky Supreme Court case, which was overruled on other grounds by the Kentucky Supreme Court in 2008. *See Craig & Bishop, Inc. v. Piles,* 247 S.W.3d 897 (Ky. 2008).

4

nothing to save his KCPA claim. Plaintiff omits the factual details of *Piles*, which are distinguishable from the instant matter.

*Piles* involved the prospective buyers of a used car who filed a KCPA suit against a car dealer after the car dealer took their old car as a down payment, sold it, and then never allowed them to buy a new car because the financing fell through. *Piles,* 2005 WL 307860. In *Piles,* the Kentucky Supreme Court held that "the absence of a finding of a valid contract is not fatal to a [KCPA] claim" and upheld the court of appeals finding that the plaintiffs were "purchasers" under the KCPA even though the jury found that there was no contract between plaintiffs and defendant. *Piles,* 247 S.W. 3d at 903-04. The key to the Kentucky Supreme Court's holding was the fact that "the *parties negotiated* the purchase of the [new] vehicle as buyers and sellers" and found "[t]o deny [plaintiffs] a remedy simply because the jury found that there was no enforceable contract would frustrate the Act's purpose to afford the *consuming public* protection against unscrupulous business practices." *Piles,* 2005 WL 3078860 (emphasis supplied). In essence, the court did not allow the absence of a legally enforceable contract to negate the plaintiffs' right to sue over a relationship that looked very much like a contractual one. Thus, the *Piles* court held that *under the circumstances of that case*, the plaintiffs were "purchasers" for purposes of the KCPA because they were part of the "consuming public" and could set forth a claim. Notably, the *Piles* opinion does not mention the word "privity," let alone support the proposition that "Kentucky courts have not uniformly required privity to exist in order for violation of the KCPA to be found" as Plaintiff argues.

The facts in *Piles* are distinguishable from those here as Plaintiff does not allege any facts to suggest that his relationship with BGC looked anything like a contractual one. He does not allege that he purchased anything from BGC, negotiated with BGC, communicated with BGC about obtaining his consumer report, that he had any sort of "consumer" relationship with respect

5

to BGC, or that he otherwise qualifies as a "purchaser" of BGC's services under the KCPA. Some allegation supporting his status as "purchaser" is a prerequisite for standing under the KCPA. *See Piles*, 247 S.W.3d at 899, 903–04.

The Western District of Kentucky recently reviewed *Piles* and in distinguishing it duly noted:

> To maintain an action alleging a violation of the KCPA, an individual must fit within the protected class of persons, which includes "any person who purchases or leases goods or services primarily for personal, family or household purposes." K.R.S. § 367.220 (emphasis added); *see also Skilcraft Sheetmetal, Inc. v. Kentucky Mach., Inc.,* 836 S.W.2d 907 (Ky.Ct.App. 1992). Therefore, as general rule, there must be privity of contract between the parties in a suit where a violation of the KCPA is alleged. *See id.* at 909 ("The legislature intended that privity of contract exist between the parties in a suit alleging a violation of the [Kentucky] Consumer Protection Act"); *Tallon v. Lloyd & McDaniel*, 497 F.Supp.2d 847, 854–55 (W.D.Ky. 2007) (holding a plaintiff lacked standing under KCPA where defendant was "several steps removed from privity of contract with the [plaintiff]"); *Brewer v. Portfolio Recovery Associates*, No. 1:07–cv–113–M, 2007 WL 3025077 (Oct. 15, 2007) (granting motion to dismiss on KCPA claims where plaintiff failed to allege a qualifying purchase or privity of contract with defendant).

*Campbell v. Capital One, N.A.,* No. 1:12-CV-82, 2012 WL 4959611 (W.D. Ky. Oct. 16, 2012).

Indeed, in cases concerning consumer reports like the one at issue here, Kentucky courts have held that to maintain a claim under the KCPA, a plaintiff must be a "purchaser" under the KCPA. *See e.g. Miller v. Wells Fargo,* No. 3:05-CV-42-S, 2008 WL 793683, at *9 (W.D. Ky Marc. 24, 2008) (dismissing plaintiff's KCPA claim because plaintiffs did not "purchase" their credit information from defendant and could not seek protection under the KCPA); *Rushing v. Chase Auto Finance Corp.* No. 5:11–cv–419–JMH, 2012 WL 1752393 (E.D. Ky. May 15, 2012) (same). *See also, Skilcraft Sheetmetal, Inc. v. Kentucky Machinery, Inc.*, 836 S.W.2d 907 (Ky. App. 1992) (granting summary judgment on plaintiff's KCPA claim where there was no purchase between plaintiff and defendant); *Arsenault v. PNC Mortgage*, 32 Fed.Appx. 739 (6th Cir. 2002) (affirming summary judgment where there was no purchase).

In *Miller* for example, the only direct contact the consumer reporting agency ("CRA") had with the plaintiff was when the plaintiff requested a consumer disclosure, which the CRA provided free of charge. *Miller*, 2008 WL 793683, at *9. The court was not persuaded by the plaintiff's argument that consumers are generally forced to "buy" their credit reports and credit standing from credit reporting agencies, and dismissed plaintiff's KCPA claim because plaintiff failed to provide evidence that he purchased his credit information from the CRA. *Id.*

Similarly, in *Rushing,* the plaintiff tried to save her KCPA claim from Rule 12(b)(6) dismissal by arguing she should be permitted to engage in discovery to determine whether she was in privity with the defendant, but plaintiff provided no facts or law suggesting that privity of contract between her and the defendant could ever be established. 2012 WL 1752394. The court dismissed the plaintiff's KCPA claim. *Id.*

Here, Plaintiff attempts to expand the KCPA to events that have nothing to do with consumer transactions. Because Plaintiff did not purchase or lease anything from BGC, negotiate with BGC in any way, or enter into a consumer relationship with BGC, Plaintiff has not and cannot establish the requisite contractual privity between him and BGC in order to seek protection under the KCPA. Accordingly, Plaintiff's claim for violations of the KCPA must be dismissed.

## CONCLUSION

Plaintiff does not deny that his common-law claims are subject to the one-year statute of limitations or that the limitations period on his claims began to run more than a year before he filed suit. Plaintiff's only argument in response to Defendant's bid for dismissal of his common-law claims is that he should be allowed to conduct discovery to determine more information about the relationship between BGC and the entity that furnished allegedly false information about him. The glaring problem with Plaintiff's argument is that the information furnished to

7

BCG (false or not) occurred *before* BGC published it and *before* Plaintiff was damaged by the publication. Consequently nothing Plaintiff could learn would move the accrual of his claims to a date more recent than October 8, 2010.

Plaintiff's KCPA claim also fails because Plaintiff's own allegations establish that he does not qualify as a "purchaser" under the KCPA.

For these reasons, Defendant BGC requests that this Court dismiss Counts III-VII of Plaintiff's Complaint with prejudice.

                                    Respectfully submitted,

                                    /s/ David T. Croall
                                    David T. Croall (KBA #89728)
                                    PORTER, WRIGHT, ARTHUR & MORRIS, LLP
                                    250 East Fifth Street
                                    Suite 2200
                                    Cincinnati, OH 45202-5118
                                    Telephone:  (513) 369-4240
                                    Facsimile:  (513) 421-0991
                                    Email:  dcroall@porterwright.com

                              *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Reply Brief in Support of Defendant's Partial Motion to Dismiss Plaintiff's Complaint* has been served via the Court's ECF system to all registered users, which includes Plaintiff's counsel, this 23rd day of January, 2012.

/s/ David T. Croall
*One of the Attorneys for Defendant*

COLUMBUS/1659583v.1